## MARRIAN v. ROBBINS.

(Supreme Court, Appellate Division, Fourth Department.  March 1, 1905.)

INSURANCE AGENT—LIABILITY.

Plaintiff applied to defendant, an insurance agent, for insurance on his property.  Defendant, not being authorized to issue insurance in the territory in which the property was situated, obtained a policy from D., an agent in that territory.  Plaintiff paid the premium to defendant, who paid same to D.; but D. failed to report same to the company, and the policy was canceled.  *Held*, that defendant was agent for plaintiff, and not for the insurance company, and was not liable to plaintiff for the premium unless he acted negligently or fraudulently.

Appeal from Special Term, Jefferson County.

Action by Joseph Marrian against Leo H. Robbins.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

A. J. Dewey, for appellant.
James A. Ward, for respondent.

STOVER, J.  The defendant is an insurance agent and broker at Watertown.  Plaintiff requested the defendant to procure plaintiff a policy of insurance for $2,500 on a hotel in the town of Worthville, Jefferson county.  The defendant was not authorized to take insurance in the territory in which the property was situated, but called upon one Duncan, who conducted a general insurance agency at Watertown, and obtained from him a policy of insurance in the Mutual Fire Insurance Company of Syracuse, N. Y.  Duncan had obtained insurance for this company, had the policy in his possession, issued the same to plaintiff, and delivered it to the defendant, who afterwards, and on the 10th day of August, 1903, delivered the policy to the plaintiff, and received the sum of $69, less some commissions thereon, being the premium upon the policy.  The evidence of the secretary of the insurance company was that the application was rejected by the company.  No notice was given to the insured of the rejection, and afterwards, and on November 10th, the company wrote to the insured that the policy would be canceled on the 16th of November for the nonpayment of the premium.  Upon the trial, evidence was given as to the authority of Duncan to act as agent for the insurance company, and the question of fact left to the jury, who found in favor of the plaintiff.  The theory of the plaintiff's action is that, having employed the defendant to obtain the insurance, and he having failed to obtain valid insurance, plaintiff was entitled to recover back the premium; the payment to Duncan having been unauthorized.

The questions of fact were properly submitted to the jury, but we think the learned court erred in refusing a request to charge offered by the defendant.  The court had charged the jury that:

"In this case, this insurance having been obtained by the defendant for the plaintiff, the defendant acting as a broker, he was the agent of the plaintiff in procuring this insurance, and was not the agent of the company."

This was not challenged, and therefore became the law of the case.

The defendant made the following request:

"I ask your honor to charge the jury that, if they find the policy was invalid at the time of the delivery, the defendant is not liable, unless he has used negligence, bad faith, and dishonor. The Court: I will not charge on that subject, I think. I will submit the case to the jury."

The defendant duly excepted to the refusal to charge.

The court had nowhere instructed the jury on the subject of the duty of the defendant as agent, or the limitation of his liability; and the proposition of law presented was correctly stated, we think, in the request of the defendant. The law was correctly stated by the court that the defendant, acting as a broker, was the agent of the plaintiff. C. P. I. Co. v. Ætna Ins. Co., 127 N. Y. 608, 28 N. E. 653, 14 L. R. A. 147. So the defendant could not be held liable unless he had acted either negligently, in bad faith, or dishonestly. He was not undertaking to guaranty the insurance, but undertook to procure for plaintiff a policy. He went to an established insurance agent and paid the premium for the policy, but it turned out that, either from the dishonesty of the agent, or some other circumstance not in any way controlled by the defendant, the presumed agent did not pay over the premium to the company, and by reason of this action the policy was canceled. There was no allegation of bad faith or negligence, and no proof was given of either; but the jury were instructed that, if Duncan had not the authority to receive funds for the insurance company, then the payment to him by the defendant was unauthorized, and the plaintiff would be entitled to recover. The jury might have found, under the evidence, that the defendant was acting in the utmost good faith, supposing that Duncan had the right to receive the money; that everything he did was without improper motive, for the purpose and with the intention of procuring a valid insurance for the plaintiff. Having in good faith and in the exercise of proper care obtained a policy from one who was apparently an agent of the company, and in good faith paid over the premium to him, he had performed the duty that he had undertaken for the plaintiff, and had furnished him with a policy of insurance. Unless he was acting in bad faith or negligently, he was not responsible to the plaintiff if the policy was subsequently canceled.

An agent undertaking to perform services for his principal does not warrant that he will commit no error or mistake, but his undertaking is that, so far as he can, exercising ordinary care and prudence and acting in good faith, he will serve his principal. As applied to this case, the jury should have been instructed that unless they found either negligence, bad faith, or dishonest practice connected with this transaction on the part of the defendant, the plaintiff was not entitled to recover; and for this error the judgment should be reversed.

Judgment and order reversed and new trial granted, with costs to the appellant to abide event. All concur.